IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARRY KEITH HOLLOWAY,

    Petitioner,

v.                                                Civ. No. 07-0050 MV/RLP

TIMOTHY HATCH, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Pursuant to a plea agreement, Petitioner pled guilty to various crimes and was sentenced to 27 years' imprisonment. *See* Answer [Doc. 6], Exhibits A (Judgment) & C (Plea Agreement) thereto. An Amended Judgment was entered on April 2, 2004. Exhibit B. On May 3, 2005 Mr. Holloway filed a Motion to Vacate, Set Aside, or Correct Illegal Sentence in state district court. *See* Exhibit D. The motion was summarily denied the same day. Exhibit E.

    2.    Five months later, on October 3, 2006 Mr. Holloway filed a state habeas petition, Exhibit F, which was denied on October 5, 2006, Exhibit G. He filed a petition for writ of certiorari on October 30, 2007, Exhibit H, which was denied on November 27, 2006, Exhibit I. His petition for writ of habeas corpus was filed in federal court on January 12, 2007.

---

    [1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3.  Respondents have incorporated a motion to dismiss within their Answer, arguing that the petition is time-barred pursuant to § 2244(d)(1), which requires petitions for relief to be filed within one-year the judgment becomes final.

4.  The Amended Judgment was entered on April 2, 2004. Mr. Holloway had 30 days to appeal pursuant to N.M.R.A 12-201(A)(2), or May 3, 2004 (May 2, 2004 was a Sunday). His time started running on that date. On May 3, 2005 he filed a state court proceeding, which tolled his time for two days, Exhibits D & E, *supra*. His time started running again on May 6, 2005 and five months elapsed before he filed another state proceeding, which tolled the time from October 3, 2006 through November 27, 2006, *see* Exhibits F, G, H, & I, *supra*. His time started running again from November 28, 2006 through January 12, 2007, the date he filed his petition in federal court.

6.  By the foregoing calculations, Mr. Holloway's petition is approximately six and one-half months beyond the one year limitation period. The Court therefore does not address the merits of the petition. Also based on this record, the Court finds that Mr. Holloway's Motion for Appointment of Counsel should be denied.

### RECOMMENDED DISPOSITION

I recommend that the Motion for Appointment of Counsel [Doc. 3] be denied and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge